UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 24-CR-20343-KMW(s)

UNITED STATES OF AMERICA,
     Plaintiff,

vs.

JORGE MIGUEL VASQUEZ,
     Defendant.

_____/

## REPLY IN SUPPORT OF MOTION TO COMPEL INFORMATION RELATED TO THE SEARCH AND SEIZURE OF MR. VASQUEZ'S ELECTRONIC DEVICES

The Government's response does not address the reason that Mr. Vasquez filed the Motion to Compel and instead rests on a single misguided premise: Judge Goodman previously denied a similar request and this Court should not revisit the issue. (DE 411 at 1). That premise is wrong on two fronts. First, Judge Goodman's prior ruling addressed a fundamentally different question and argument in a fundamentally different procedural posture. And second, since that ruling, the Government's own production has changed the landscape, raising new questions that can only be answered by the requested audit trail and exhibits. As it did with Mr. Piñate, the Court should require the Government to disclose (a) the documents it intends to put on its exhibit list from Mr. Vasquez's seized phone and computer; and (b) the audit trail showing the details of its search and seizure from the seized devices.

**Judge Goodman's Prior Ruling Does Not Control Here Because It
Addressed a Completely Different Question**

The Government's invocation of Judge Goodman's prior ruling (at DE 221) as a dispositive authority as to the instant motion misconstrues the ruling. Judge Goodman denied production of access logs in the specific context of the border-search suppression motion that had been fully briefed and heard by the magistrate court. Judge Goodman's reason for denial was narrow: because the agents testified that they limited subsequent review to data *initially tagged* during the border search, the number of times the devices were accessed thereafter was not material to that motion to suppress. (DE 221 at 4 – 5). Judge Goodman's opinion rested on that factual premise alone. The denial was a product of the question before him, not a blanket determination that audit trails are categorically immaterial.

Mr. Vasquez's current motion, DE 401, seeks the audit trail for an entirely different purpose: to evaluate, and if warranted support, a new and entirely distinct suppression motion premised on the Government's flagrant disregard of the limitations of search warrants. This potential suppression motion is similar to the motion already filed by Mr. Piñate, DE 154. The theory has nothing to do with how many times agents revisited tagged items. Rather, the theory turns on whether the Government's search exceeded the particularized scope of the warrant. Judge Goodman did not address this question because it was not before him; and therefore, his ruling does not foreclose it.

### The Government's Recent Production Does Not Moot the
### Motion to Compel; It Confirms the Gap

The Court ordered the Government to identify the items seized during the "border search" of Mr. Vasquez's devices. (DE 397). The Government points to this production, provided on May 13, 2026, as though it resolves Mr. Vasquez's request in the instant motion. It does not. The production made pursuant to this Court's order consisted of items seized during the *border search* – the pre-warrant seizure of Mr. Vasquez's devices in April 2019. It says nothing about, and does not include, any material seized subsequent to the December 2021 search warrants.

Mr. Vasquez's motion seeks two things that remain entirely unaddressed: (1) the documents that the government intends to use at trial that were seized pursuant to the warrants; and (2) the audit trail reflecting how the warrant-based search was conducted. Those requests go to the heart of whether the Government confined its search to the parameters of the warrants. The Government's production of "border search" items, which predates the warrant by more than two years, does not touch either question.

If anything, the Government's production underscores the problem. Mr. Vasquez now has some window into what the Government seized before it had a warrant. But he has no corresponding window into what the Government seized after it obtained one, or how. The Government cannot satisfy a request for warrant-based material by producing pre-warrant material.

3

**The Government Cannot Distinguish Mr. Vasquez from
Mr. Piñate as It Relates to This Request**

The Government's response is silent on the most obvious point in Mr. Vasquez's motion: the Court has already ordered production of equivalent audit trail material in connection with Mr. Piñate's motion to suppress. Mr. Piñate and Mr. Vasquez are co-defendants, charged based on the same alleged conduct, whose electronic devices were searched by the same agents pursuant to warrants with inherent parameters. The Government has offered no principled basis to distinguish Mr. Vasquez and Mr. Piñate for purposes of this disclosure. If the audit trail is produceable for Mr. Piñate (and the Court determined that it is), then the Government cannot credibly argue that the same material is categorically undiscoverable as to Mr. Vasquez. The Government's refusal to voluntarily produce this material to Mr. Vasquez, while simultaneously complying with a Court order to produce its equivalent to Mr. Piñate, is not a principled position.

**\* \* \***

Judge Goodman's prior ruling addressed a narrow question about a full-briefed suppression motion that has nothing to do with the theory raised in Mr. Vasquez's Motion to Compel. There is no basis for differential treatment between Mr. Piñate and Mr. Vasquez. Mr. Vasquez seeks disclosure now to properly determine whether there is a basis for a separate motion to suppress.  If the disclosures reveal a basis for suppression, Mr. Vasquez can file a targeted, well-supported motion. If they do not, Mr. Vasquez may determine that no motion is needed at all, sparing the Court and the parties the time and expense of additional briefing and a suppression hearing.

4

But without the requested discovery, Mr. Vasquez is left in the dark and will likely have to file a similar motion to suppress.

Refusing to produce the requested discovery serves no purpose but delay. If the Government does not produce the documents and audit trail, Mr. Vasquez will file his motion to suppress by the July 13, 2026, deadline. At the next status conference, the Court will be left with the same concerns it had with Mr. Piñate's parallel motion to suppress. Mr. Vasquez will request the same relief already given to Mr. Piñate – the exact relief requested in Mr. Vasquez's motion to compel. To argue against disclosure now does nothing but cause delay, despite a quickly approaching January 2027 trial date.

For reasons articulated in the initial motion and in this reply, Mr. Vasquez respectfully requests that the Court order the Government to produce: (a) the documents it intends to put on its exhibit list from Mr. Vasquez's seized phone and laptop, within two weeks of the date of this Reply; and (b) the audit trail showing the details of its search and seizure from those devices, within three weeks of the date of this Reply.

Respectfully submitted,

**MARKUS/MOSS PLLC**
40 N.W. Third Street
Penthouse One
Miami, Florida 33128
Tel: (305) 379-6667

/s/ *Lauren Field Krasnoff*
Lauren Field Krasnoff
Florida Bar Number 0086951
lkrasnoff@markuslaw.com

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via electronic filing using the CM/ECF system with the Clerk of Court which sent an e-mail notification of such filing to all CM/ECF participants on June 3, 2026.

/s/ *Lauren Field Krasnoff*
Lauren Field Krasnoff